Grundy, Ch. J.
now delivered the followingopinion of the Court ;
In this case the appellants have obtained the elder legal title, on which they entirely rest their claim to the *140 land in controversy. And the only inquiry for the court, is, whether the appellees? claims can be sustained. For if their claims be valid, the appellaqffi must surrender their legal title.
It is the fame if the call be for an Improve ment, and there are feveral an-layering the de-feription.
An entry is áefe£tiv? in general description which calls for the north f|deofcheKen-tjicicy river.
An entry de-fe£tiye in general description, and call, ing for a c<^ek9 does not legally appropriate land on a water courfe generally called a run,
The appellees derive their title under the following certificate and entries, to wit: “ Adam Rough, heir at law to Nicholas Rough, by Patrick Dowlan, this day claimed a settlement and pre-emption to a tract of land in the district oí Kentucky, on account of the said decedent’s raising a crop of corn in the country, in the year 1776, lying on the head of Rough’s run, a branch of Kentucky river, an the north side of the said river, about five miles above the mouth of Glenn’s creek, to include an improyementmade by Patrick DoWland. Satisfactory proof being made to the court, they are of opinion that the said Adam Rough has a right to a settlement of 40Q ficres of land, to include the above location, and the pre-emption of 1000 acres adjoining ; and that a certificate issue accordingly. April the 19th 1780.”
“ Adam Rough, heir to Nicholas Rough, enters 400 acres in Kentucky, by virtue of a certificate, &c. lying on the head of Rough’s run, a branch of Kentucky, on the north side thereof, about five miles above the mouth of Glenn’s creek, to include an improvement made by Patrick Dowlan. April 21st 1780.”
“ Patrick Doran enters 1000 acres upon a treasury-warrant, on the north side of Kentucky, on the head of Adam Rough’s creek, to include a cabin built by Patrick Doran and company, to extend to another improvement made by the same, for quantity, a south-east course. May the 11th 1780.”
The certificate and entry for 400 acres, contain, sub - stantially, the same calls ; and the same considerations may equally apply to each. The locator declares (by his certificate and entry) his intention to be, that his land shall be on the north side of the Kentucky river, on the head of Rough’s run, a branch of the Kentucky river, about five miles above the mouth of Glenn’s creek, and to include an improvement made by Patrick Dow-lan.
The court, upon an examination of the depositions fi-. led, find sufficient testimony to justify them in saying that a subsequent locator could, upon a reasonable inquiry, Raye ascertained the quarter of the country in which the *141 land was intended to be located. For although there is no testimony proving the notoriety of Glenn’s'creek, there is such a degree of notoriety established, as to Rough’s run itself, when combined with the other calls of the entry, without the aid of the call for the mouth of Glenn’s, that the cpurt would be induced to support the claim so far as its establishment depends upon its general calls.
Whether the call for the head of Rough’s run should be considered as a general call, only describing the neighborhood in which the land was situated, or as a special locative call, by which figure and boundary is to be given to the survey, has been a matter of serious difficulty with the court. However, upon full consideration, the court are of opinion that whether it be considered in one light or the other, the effect will be the same.
If this call is to be considered as a general term of description, the only special locative call contained in .the entry, is the improvement made by Patrick Dolan,
Without determining how far the difference between the names of Dowlan and Doran, would have weight in a case circumstanced differently from the present, it will be sufficient for the court to observe, the testimony establishes several improvements made by Patrick Do-ran, & Co. ; and those improvements are in the neighborhood of the head of Rough’s run, and in different directions from the head ; and there are no expressions .used in the certificate or entry, showing which of thos® improvements were intended. The court, therefore, viewing the claim in this way, cannot support it.
If the call for the head of Rough’s run be considered as a special locative call, still the number of improvements, as above set forth, will vitiate the claim ; because, what particular piece of land should be held by the entry, would depend entirely upon the court’s arbitrarily fixing upon one of the improvements, in preference to» and in exclusion of the others. This the court is not authorised tó do; and therefore this entry cannot bp sustained.
The treasury warrant entry of ÍOOQ acres, calls to lie on the north side of the Kentucky, on the head of Adam Rough’s creek, to include a cabin built by Patrick Do-ran, & Co. to extend to another improvement made by-same, for quantity, a south-east course.
*142 The same objections which have been stated against settlement claim, apply to this with considerable force ; and in addition thereto, this entry is deficient in general description.
Rough’s creek is not described in this entry as being a branch of the Kentucky river. A subsequent locator is not directed in what part of that extensive tract of country lying on the north side of the Kentucky,to search for it. And although he should have been informed that a small stream called Rough’s run was to be found at the place now contended for, he could not have known, that this was the stream intended ; and that a stream called Rough’s creek was not to be found in some other part of the country, on the >i^,th side of the Kentucky river.
Although the calling a stream a run or a creek, de-> pends on no fixed rule, but is perfectly arbitrary with those that affix the names to streams, yet when the name or description is once given, and becomes prevalent through the neighborhood, a locator should, in his entry» give the general or well known name or description ; especially when there is no. other call in. the entry by which a subsequent locator can be governed in his inquiries.
To prove that the call in the entry for Rough’s creek, ought not to be considered as equivalent to Rough’s run, the court will proceed to state two or three.cases, which they conceive to be sufficient: Suppose an. en-:. try calling to lie on the south side of the Kentucky river, on the head of Pleasant creek, and to include an improvement made, by A. B. & Co.; no man, although living on the well known streamxalled Pleasant run, would suppose that to be the stream intended. An entry calling for Cowper’s creek, on the north, side of the Ken,, tucky river, would never be considered as properly appropriating land on Cowper’s run. Should an entry be found calling for the mouth of Cartwright’s run, no. reasonable man could, upon an inspection.of it, believe that Cartwright’s creek was intended.
Decree reversed..
A motion for a re-hearing was made, and continued until the next term. The motion was then argued by Clay and Marshall for the appellants, and by Allen for the appellees, and overruled by the court..